# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Shirley Lieginger aka Shirley U Lieginger aka Shirley Utomo-Lieginger aka Shirley Utomo Lieginger aka Shirley Utomo<br>　　　　　Debtor | CHAPTER 13 |
| Select Portfolio Servicing, Inc.<br>　　　　　Movant<br>vs. | NO. 19-13435 MDC |
| Shirley Lieginger aka Shirley U Lieginger aka Shirley Utomo-Lieginger aka Shirley Utomo Lieginger aka Shirley Utomo<br>　　　　　Debtor<br>Wu Silvy Utomo<br>　　　　　Co-Debtor<br>William C. Miller, Esquire<br>　　　　　Trustee | 11 U.S.C. Sections 362 and 130 |

## CONSENT ORDER ON MOTION FOR RELIEF FROM STAY AND CO-DEBTOR STAY

1. The above-styled Motion having been scheduled for a hearing before the Court on March 31, 2020 upon Notice of Motion to each of the above-captioned parties in interest, and it appearing to the Court that the parties consent hereto:

2. FURTHER IT IS HEREBY ORDERED that the Motion for Relief from Stay is denied, as the parties herein agree that the interest of Movant is adequately protected by payment and performance as more particularly set forth hereinafter.

3. FURTHER ORDERED that as of March 24, 2020, the post-petition arrearage is as follows, pursuant to the terms of the Note, as set forth in the chart below:

| Number of Missed Payments | From | To | Monthly Missed Principal and Interest | Monthly Missed Escrow (if applicable) | Monthly Payment Amount | Total of Monthly Payments Missed |
|---|---|---|---|---|---|---|
| 7 | Sept. 2019 | Mar. 2020 | $961.74 | $280.92 | $1,242.66 | 7 |
| Less post-petition partial payments (suspense balance) | | | | | ($394.02) | |

**Total: $8,304.60**

4. This arrearage shall be paid as follows:

   a. Within seven (7) days of the filing of this Stipulation, Debtor is ordered to pay the total post-petition arrearage totaling a sum $8,304.60 by amending the Bankruptcy plan.

   b. Once approved by the Court, this Stipulation shall serve as a Supplemental Proof of Claim for Movant's Claim, 3-1, adding the above post-petition arrears of $8,304.60 to Movant's prepetition arrears of $15,970.99 for a total amount of arrears of $24,275.59.

5. Regular payments in the amount of $1,242.66 to be paid on or before April 1, 2020 and any additional amount as required or allowed by the Note and Security Instrument. Payments should be sent to: Select Portfolio Servicing, Inc. Attn: Remittance Processing P.O. Box 65450 Salt Lake City, UT 84165-0450.

6. FURTHER ORDERED that should Debtor(s) default in payment of any sum specified herein, or in any regular monthly mortgage payments which come due according to Movant's Loan Documents, for the life of the bankruptcy then upon notice of default sent

by first class mail to Debtor(s), attorney for Debtor(s) and the Trustee, and failure of Debtor(s) to cure such default within **fifteen (15)** days from the date of receipt of such notice, Movant may file a motion and affidavit of default, with service upon Debtor(s), attorney for Debtor(s) and the Trustee, and the Court may enter an Order releasing Movant from the automatic stay, without further notice or hearing.

7. FURTHER ORDERED that in the event relief from the automatic stay is later granted, the Trustee shall cease funding any balance of Movant's claim, and the provisions of Fed. R. Bank. P. 4001(a)(3) may be waived.

8. FURTHER ORDERED that upon completion of any foreclosure sale, any funds in excess of the amount due to Movant and to any subordinate lienholder(s) properly entitled to receive proceeds under applicable State Law that would otherwise be payable to the Debtor(s), shall be paid to the Trustee by the entity receiving the funds from the foreclosure sale for the benefit of the Estate while the Debtor(s) remains in bankruptcy.

9. FURTHER ORDERED that there having been no appearance by the Co-Debtor(s), the Motion for Relief from the Co-Debtor Stay is *granted*.

CONSENTED TO BY:

Date:   March 24, 2020

By: /s/ *Rebecca A. Solarz, Esquire*
Attorney for Movant

Date: 03/27/2020

Mark W. Adams, Esquire
Attorney for Debtors

Date: 4/3/2020

s/ LeeAne O. Huggins No Objection / Without prejudice to any Trustee rights or remedies
William C. Miller, Esquire

                 Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2020.  However, the court retains discretion regarding entry of any further order.

                _____
                Bankruptcy Judge
                Magdeline D. Coleman