**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
|     Shirley Lieginger, | : | |
|         Debtor. | : | Bankruptcy No. 19-13435-MDC |

# O R D E R

**AND NOW**, pursuant to the Application for Compensation and Reimbursement of Expenses (the "Application")[1] filed by Mark W. Adams (the "Applicant"), counsel to Shirley Lieginger (the "Debtor"), the Applicant requests the allowance of compensation in the amount of $1,650.00.

**AND**, the Applicant was previously paid $400.00 by the Debtor (the "Pre-Paid Amount").

**AND**, after accounting for the Pre-Paid Amount the Application seeks the payment of $1,250.00 for the balance of fees and expenses sought (the "Remaining Balance").

**AND**, this Court entered an Order dated January 30, 2020 (the "Confirmation Order")[2] confirming the Debtor's Third Amended Chapter 13 Plan dated December 31, 2019 (the "Plan").[3]

**AND**, the Plan provides that the Applicant will be paid $1,100.00 as an administrative expense, which when added to the Pre-Paid Amount will result in a total payment to the Applicant in the amount of $1,500.00. Plan, §2(e).

**AND**, the Applicant filed a certification that proper service has been made on all interested parties.

**AND**, the Applicant filed a certification of no response.

**AND**, the Court of Appeals has held that the bankruptcy court "has a duty to review fee applications, notwithstanding the absence of objections by the United States Trustee . . ., creditors, or any other interested party, a duty which . . . derives from the court's inherent obligation to monitor the

---

[1] Bankr. Docket No. 54.

[2] Bankr. Docket No. 43.

[3] Bankr. Docket No. 36.

debtor's estate and to serve the public interest." *In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original).

**AND**, a confirmation order precludes the relitigation of any issues that were determined by the confirmation order. *In re Szostek*, 886 F.2d 1405, 1408-09 (3d Cir. 1989); *In re McDuffie*, Bky. No. 03-65333, 2005 WL 3108234, *1 (Bankr. D. Md. Feb. 22, 2005) ("since no amendment to the plan was filed to increase the specific amount to be paid to counsel, the court cannot order payment through the plan as an administrative expense."); *In re Lasica*, 294 B.R. 718, 722 (Bankr. N.D. Ill. 2003) (denying fee request because applicant was bound by terms of previously confirmed Chapter 13 plan); *In re Young*, 285 B.R. 168, 174-75 (Bankr. D. Md. 2002) ("the confirmation of the plan, in which a specific amount of disbursement to counsel for the debtor as attorney's fees was required, acted as a final adjudication of the matters set forth in the plan.").

It is hereby **ORDERED** that:

1. The Application is **GRANTED IN PART** and **DENIED IN PART**.

2. Consistent with the Confirmation Order, compensation is allowed in favor of the Applicant in the total amount of $1,500.00 (the "Allowed Compensation"). *See* L.B.R. 2016-1(f) (governing procedure for disposition of fee applications without a hearing). The balance of the expenses sought, in the amount of $150.00, are disallowed as inconsistent with the terms of the Plan.

3. The Trustee is authorized to distribute to the Applicant the Allowed Compensation and Expenses less the Pre-Paid Amount as an administrative expense pursuant to 11 U.S.C. §§330, 331, 503(b).

Dated: May 20, 2020

MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE

Mark W. Adams, Esquire
Law Offices of Mark W. Adams
219 Race Street, Suite B
Philadelphia, PA 19106

William C. Miller, Esquire
Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 19105

United States Trustee
Custom House
200 Chestnut Street, Suite 502
Philadelphia, PA 19106-2912